IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**RICHARD EDWARD LANE**,

    Plaintiff,

v.

**OFFICER CARSON CHAPMAN**, et al.,

    Defendants.

Case No. 1:25-cv-00093-MC

**OPINION AND ORDER**

MCSHANE, Judge:

    Before the Court is Defendants' Motion to Dismiss the Complaint by *pro se* Plaintiff Richard Edward Lane. For the reasons stated below, Defendants' Motion is GRANTED.

**STANDARD**

    To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the Court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When considering a motion to dismiss, the Court must accept as true all allegations of material fact and construe those facts in the light most favorable to the non-

1 – OPINION AND ORDER

movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiff alleges that Defendants violated his rights when he was arrested following a traffic stop on September 15, 2024. Pl.'s Compl., ECF No. 1. After being pulled over for issues related to his license plates, Plaintiff alleges that the Medford police began "to manufacture a false investigation for weed DUI" and illegally searched his vehicle. *Id.* at 9, 16. Plaintiff alleges that Officer Chapman lied on her police report and that more than three officers conspired to deprive Plaintiff of his rights. *Id.* at 11. Plaintiff's claims are "based on oppression, gross negligence and breach of contract" and Plaintiff notes that he does "NOT consent to be governed by a tyrannical state government." *Id.* at 19. As relief, Plaintiff asks the Court for a Temporary Restraining Order ("TRO"), punitive damages, and damages to compensate him for the costs he paid as a result of these events. *Id.*

Defendants[1] move to dismiss Plaintiff's claim as barred by various abstention doctrines. Defs.' Mot. Dismiss, ECF No. 25. Defendants note that Plaintiff is currently cited as a criminal defendant in *State of Oregon v. Richard Edward Lane*, MPD Case No. 24-15100, for five charges relating to these events. *Id.* at 2–3. Defendants are correct that those abstention doctrines bar Plaintiff's claims at this time. This Court may not interfere with ongoing state court criminal proceedings and may not hear cases that may be mooted by those proceedings. *Heck v. Humphrey*,

---

[1] Plaintiff names the following Defendants: Officer Carson Chapman, Officer Alexis Manzanarez, Officer Time Gildea, Corporal Cody Walker, Corporal Logal Boyd, Senior Assistant City Attorney Garrett M. Ramsey, and the Medford Police Department. Pl.'s Compl. 6–7. The Court notes that the Medford Police Department is a department of the City of Medford and not a separate entity capable of being sued. The record reflects that Defendant Chapman has not yet been served. Those issues are preserved and not waived by Defendants' Motion.

512 U.S. 477, 486–87 (1994) ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."); *Colo. River Water Conserv. Dist. v. U.S.*, 424 U.S. 800 (1976) (abstention is appropriate where a federal constitutional issue "might be mooted or presented in a different posture by a state court determination of pertinent state law") (internal quotation marks and citation omitted); *Younger v. Harris*, 401 U.S. 37 (1971) (absent unusual circumstances, federal courts may not enjoin state court proceedings).

## CONCLUSION

Because Plaintiff's Complaint presents claims that ask the Court to interfere with ongoing state court proceedings or to prematurely resolve issues that will be impacted by those proceedings, Defendants' Motion, ECF No. 25, is GRANTED.

IT IS SO ORDERED.

DATED this  12th  day of March, 2025.

                                                /s/Michael McShane
                                               Michael McShane
                                       United States District Judge